**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe Don BALDWIN,**
**Defendant-Appellant.**

**No. 79-1306.**

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1979.

Tom O'Toole, Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Kenneth L. Fields, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and CLAIBORNE,* District Judge.

CLAIBORNE, District Judge:

Appellant, Joe Don Baldwin, was indicted, tried, and convicted of one count under 18 U.S.C. § 641 of stealing cacti from United States government-owned land. His conviction was based primarily upon the testimony of two agents of the Arizona Commission of Agriculture and Horticulture, and also upon the expert testimony of a professor of dendrochronology at the Laboratory of Tree Ring Research, University of Arizona.[1]

---

* Honorable Harry E. Claiborne, United States District Judge, District of Nevada, sitting by designation.

1. One of Appellant's contentions is that this witness was not qualified to render an expert opinion on a "vital factual issue," and hence the trial judge committed reversible error in allowing his testimony. Reversal is proper only if the district court abused its "wide dis-

cretion" and only if it was "manifestly erroneous." *United States v. Navarro-Varelas*, 541 F.2d 1331, 1334 (9th Cir. 1976); *United States v. Amaral*, 488 F.2d 1148, 1152–1153 (9th Cir. 1973). Appellant's attacks on the weight and credibility of the expert's findings do not raise the admission of his testimony into the sphere of "manifest error." Moreover, Appellant's reliance upon *United States v. Kilgus*, 571 F.2d 508 (9th Cir. 1978) is misplaced since, unlike

Baldwin's primary contention on appeal is that the lower court committed reversible error by conducting an inadequate voir dire of the prospective jurors. Pursuant to F.R. Cr.P. Rule 24(a), the Court conducted the voir dire, allowing both parties to submit written voir dire questions in advance. Although Baldwin submitted eleven (11) questions, the Court accepted essentially only one, relating to whether any venireperson had been the victim of a theft. In particular, the Court refused to ask the following two questions: 1) Whether any of the prospective jurors would give greater or lesser weight to the testimony of a law enforcement officer, by the mere reason of his/her position; 2) Whether any of the prospective jurors were acquainted with any of the prospective witnesses in the case. As to the second question, both parties had submitted their respective lists of prospective witnesses prior to the voir dire, and had examined each other's list. The trial judge gave two reasons for refusing to read the lists: first, that it was time-consuming; and second, that it constituted a discovery ploy not allowed by F.R.Cr.P. Rule 16. After the conclusion of the voir dire, Appellant exercised no challenges for cause, and then all ten of his peremptory challenges.

■ The scope of voir dire examination and the procedures to be used under F.R. Cr.P. Rule 24(a) are matters within the sound discretion of the trial judge, and will not be disturbed on appeal unless the procedures used or the questions propounded are so unreasonable as to constitute an abuse of discretion. It is not an abuse of discretion for the trial judge to insist upon conducting a voir dire examination, but if he does so, he must exercise a sound judicial discretion in the acceptance or rejection of supplemental questions proposed by counsel. Discretion is not properly exercised if the questions are not reasonably sufficient to test the jury for bias or partiality. Cf. *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979), and cases cited therein. By "sound judicial discretion," we mean that the trial

judge should keep uppermost in his mind the fact that the parties have the right to some surface information about prospective jurors which might furnish the basis for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality. Cf. *United States v. Segal*, 534 F.2d 578, 581 (3rd Cir. 1976), and cases cited therein; *United States v. Jackson*, 542 F.2d 403, 413 (7th Cir. 1976), and cases cited therein.

■ The lower court twice erred in refusing to ask both questions. As to the question concerning the venirepersons' attitudes toward government agents acting in their official capacity, the District of Columbia Court of Appeals stated in *Brown v. United States*, 119 U.S.App.D.C. 203, 338 F.2d 543 (D.C.Cir.1964) that:

. . . [W]hen important testimony is anticipated from certain categories of witnesses, whose official or semi-official status is such that a juror might reasonably be . . . inclined to credit their testimony, a query as to whether a juror would have such an inclination . . . should be given if requested.

119 U.S.App.D.C. at 205, 338 F.2d at 545; and see *Sellers v. United States*, 106 U.S. App.D.C. 209, 271 F.2d 475 (D.C.Cir.1959). And, as to the second question, the Fifth Circuit has held that the trial court should ask the question on voir dire examination of prospective jurors whether any member of the panel is acquainted with or related to the chief government witness. *Cook v. United States*, 379 F.2d 966, 971 (5th Cir. 1967). The reasoning behind that conclusion—that "[t]he defendant had a right to have the question answered to afford him an opportunity to exercise his peremptory challenges intelligently" (*Id.*)—most certainly applies to the proposed question of whether any member of the venire is acquainted with or related to any witness in the action.

In that regard, the reasons given by the trial judge for refusing to ask the second question were totally inadequate. The few

the appellant in *Kilgus*, Baldwin failed to produce any countervailing scientific opinion re-

garding the application of the expert's technique to cacti roots.

minutes which would be consumed by the asking of the question, the reading of the witness lists, and the answering of the question is outweighed by the importance of the question to the intelligent exercise of peremptory challenges by both parties. Moreover, while it is true that a criminal defendant has no right to pre-trial discovery of the government's list of witnesses in a non-capital case,[2] that rule certainly cannot hold forth on the first day of trial where, as in the case at bar, the parties have exchanged proposed witness lists.

All circuits appear to be in agreement that the refusal to ask the question of whether the prospective jurors would be unduly influenced by the testimony of a law enforcement officer does not always constitute reversible error; that question hinges upon such factors as the importance of the government agent's testimony to the case as a whole; the extent to which the question concerning the venireperson's attitude toward government agents is covered in other questions on voir dire and on the charge to the jury; the extent to which the credibility of the government agent-witness is put into issue; and the extent to which the testimony of the government agent is corroborated by non-agent witnesses. cf. *Brown v. United States, supra; United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976); *United States v. Golden*, 532 F.2d 1244, 1247 (9th Cir.), *cert. denied*, 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976); *Ross v. United States*, 374 F.2d 97, 105 (8th Cir.), *cert. denied*, 389 U.S. 882, 88 S.Ct. 130, 19 L.Ed.2d 177 (1967); *Gorin v. United States*, 313 F.2d 641, 647 (1st Cir.), *cert. denied*, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963). However, the decisive factor in the case at bar is that the trial judge refused to ask both that question and the question of whether the prospective jurors were related to any of the prospective witnesses, thereby severely limiting the scope of voir dire.

This makes the case at bar indistinguishable from that of *United States v. Martin*, 507 F.2d 428 (7th Cir. 1974). In that case, the trial court refused to ask propounded questions concerning the prospective jurors' relationships with and attitudes toward the government and government witnesses. In holding that this constitutes reversible error, the Seventh Circuit stated:

> The particular aspects of the instant trial indicate that the general subject area at which questions . . . [concerning] the prospective jurors' relationship with and attitude toward the Government and government witnesses, should have been addressed on voir dire . . . The sole purpose of voir dire is not to tell potential jurors that they are to be fair and then ask them if they think they can be impartial. The defendant's proposed questions were meant to elicit specific attitudes and prejudices. We cannot assume that a juror would state that he could not be impartial merely because he had a close relationship with the government or a high regard for the credibility of government agents. Such questions should have been asked directly.

507 F.2d at 432–433.

The Government argues that even if Appellant has established error in the trial court's refusal to ask the within questions, he has failed to establish that such error was prejudicial to his defense. However, where, as in the case at bar, the trial judge so limits the scope of voir dire that the procedure used for testing does not create any reasonable assurances that prejudice would be discovered if present, he commits reversible error. The reason for this is that, as a result of such error, the number of meaningful peremptory challenges or challenges for cause available to a defendant necessarily is reduced, and the inhibition of the right to challenge for cause or peremptorily is in that instance deemed to be prejudicial. *United States v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977), and cases cited therein; and see *United States v. Dellinger*, 472 F.2d 340, 366–377 (7th Cir.), *cert. denied*, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d

---

**2.** Cf. *United States v. Payseur*, 501 F.2d 966, 972 (9th Cir. 1974); *United States v. Thompson*, 493 F.2d 305, 309 (9th Cir.), *cert. denied*, 419 U.S. 834, 95 S.Ct. 60, 42 L.Ed.2d 60 (1974).

706 (1972); *United States v. Rucker*, 557 F.2d 1046, 1047–1049 (4th Cir. 1977).

Reversed and remanded for a new trial.