955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. MASON, D.D.S., Plaintiff-Appellee,
v.
SYBRON CORPORATION; American Hospital Supply Corporation;
Ormco, Defendants-Appellants.
Charles W. MASON, D.D.S., Plaintiff-Appellant,
v.
SYBRON CORPORATION; American Hospital Supply Corporation;
Ormco, Defendants-Appellees.
 Nos. 90-35897, 91-35245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Feb. 19, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ormco contends that the district court committed reversible error when it refused to instruct the jury to consider the six Restatement factors in determining whether a trade secret existed. Ormco also contends that the district court abused its discretion when it admitted Charles Schultz's testimony about the innovativeness of Mason's idea. Ormco also appeals the district court's decision to refuse to admit three photographs and to delay the admission of two illustrations. Finally, Ormco maintains that the district court erred when it instructed the jury that disgorgement is the appropriate remedy for misappropriation of a trade secret.
 
 
 3
 Mason cross-appeals, contending that the district court erred when it refused to instruct the jury that it could award punitive damages. Mason requests that the trial court reconvene the jury to decide the issue of punitive damages or, in the alternative, to have a new trial solely on the issue of punitive damages.
 
 
 4
 We affirm all of the district court's decisions except for the district court's denial of jury instructions on punitive damages. Mason may not, however, retry the issue of punitive damages.
 
 
 5
 I. The Jury Instructions Regarding What Constitutes a Trade Secret
 
 
 6
 The district court fairly and adequately instructed the jury about what information constitutes a trade secret. See Tri-Tron Int'l v. Velto, 525 F.2d 432 (9th Cir.1975); Clark v. Bunker, 453 F.2d 1006 (9th Cir.1972).
 
 
 7
 II. Charles Schultz's Testimony Concerning Whether Mason's Idea Was Innovative
 
 
 8
 The district court did not abuse its discretion in admitting Charles Schultz's testimony regarding the innovativeness of the ball hook bracket. United States v. Baldwin, 607 F.2d 1295, 1296 n. 1 (9th Cir.1979). Schultz was vice-president of marketing and a former sales representative and sales manager for GAC. He testified that he had familiarized himself with the competitors' product lines. He also testified that he always read his competitors' catalogs and that he would have known if other manufacturers were selling brackets with ball hooks.
 
 III. Exhibits 60MM and 60NN
 
 9
 The district court did not abuse its discretion by waiting until the close of testimony to decide to send Exhibits 60MM and 60NN to the jury. A trial court has discretion to determine the order of evidence and may defer a ruling on its admissibility. Fed.R.Evid. 611(a); Anglo California Nat'l Bank v. Lazard, 106 F.2d 693, 705 (9th Cir.1939), cert. denied, 308 U.S. 624 (1940).
 
 IV. Exhibits 59A, 59B, and 59C
 
 10
 A trial judge has the discretion to exclude evidence if the danger of confusion substantially outweighs its probative value. Fed.R.Evid. 403; United States v. Soulard, 730 F.2d 1292, 1301 (9th Cir.1984); King v. Ford Motor Co., 597 F.2d 436, 445 (5th Cir.1979) (trial court could exclude photographs because they might confuse or mislead the jury). The district court did not abuse its discretion when it refused to admit Exhibits 59A, 59B, and 59C. Even Ormco's own expert, Dr. Gorman, had difficulty identifying what the photographs contained. Moreover, photographs of mechanical devices can be confusing if there is not a sufficient explanation of how they work.
 
 V. The Hemi-Hook Bracket
 
 11
 The district court did not abuse its discretion when it refused to grant Ormco's request for a directed verdict on the hemi-hook brackets. There was sufficient evidence for the jury to find that the hemi-hook resulted from the misappropriation of Mason's trade secret.
 
 VI. Disgorgement
 
 12
 The district court did not err when it instructed the jury that disgorgement was the appropriate remedy. Disgorgement of profits is generally the appropriate remedy for misappropriation of a trade secret. Tri-Tron, 525 F.2d at 437 (construing Montana law); Clark, 453 F.2d at 1011. Although damages may include the plaintiff's losses, the plaintiff's losses are awarded in addition to, not as an alternative to the defendant's profits. See Tri-Tron, 525 F.2d at 437. In Tri-Tron, we held that the victim of trade secret misappropriation could recover his losses in addition to recovering the misappropriator's profits if the misappropriator's profits alone would not make the plaintiff whole. Thus, we were concerned with ensuring that the victim was at least made whole; we were not concerned that the damages might make the plaintiff more than whole.
 
 
 13
 Our decision in Clark makes it clear that disgorgement is the basic remedy for trade secret misappropriation. In Clark, we held that "appellee was entitled to recover appellants' profits whether or not they represented losses to appellee." Clark, 453 F.2d at 1011. We explained that " 'the plaintiff is entitled to the profit he would have made had his secret not been unlawfully used, but not less than the monetary gain which the defendant reaped from his improper acts.' " Id. at 1011 (quoting 2 R. Callmann, Unfair Competition and Monopolies, §§ 51, 99. 495-96 (3d ed. 1968, 1971 Supp.)).
 
 
 14
 Other authorities also demonstrate that the jury does not have the discretion to choose to give the plaintiff his lost profits instead of the defendant's profits. The Uniform Trade Secrets Act provides: "As long as there is no double counting, Section 3(a) adopts the principle of the recent cases allowing recovery of both a complainant's actual losses and a misappropriator's unjust benefit that are caused by misappropriation." Uniform Trade Secrets Act § 3 (Commissioner's Comment). Although Montana has adopted the Uniform Trade Secrets Act, the statute does not control this case because Montana adopted the statute after Mason's cause of action arose. See Mont.Code.Ann. § 30-14-404 (1991).
 
 
 15
 Callmann continues to instruct that disgorgement is the basic remedy for trade secret misappropriation. See 4 Callmann, Unfair Competition and Monopolies § 14.45 (4th ed.). Callmann states that "unless a specific injury to the plaintiff can be established, such as lost sales, the loss to plaintiff is not the proper basis for assessing damages. In such cases defendant's gain may serve as the point of proper reference in determining the extent of the plaintiff's loss." Id. Moreover, according to Callmann, "the plaintiff is entitled to the profits plaintiff did not make but would have made had his secret not been unlawfully used, but not less than the monetary gain which the defendant reaped from his improper acts." Id.
 
 
 16
 Ormco contends that disgorgement is a punitive remedy, and that the trial judge therefore should have followed the procedures appropriate for punitive damages. As the trial judge noted in Jury Instruction # 7, disgorgement serves to discourage the misappropriation of trade secrets. Disgorgement removes an incentive for misappropriating trade secrets by removing the benefit of misappropriation. Disgorgement does not, however, leave the misappropriator any worse off than it was before the misappropriation. Thus, although disgorgement discourages misappropriation, it is not punitive. This circuit does not consider disgorgement to be a form of punitive damages. In Tri-Tron, this court's consideration of disgorgement was separate and distinct from its consideration of punitive damages. Tri-Tron, 525 F.2d at 432; see also Clark, 453 F.2d at 1011-12. Moreover, the Tri-Tron court made no reference to disgorgement as a form of punitive damages. Tri-Tron, 525 F.2d at 432.
 
 VII. Profits Attributable to the Brackets
 
 17
 The district court did not err when it refused to instruct the jury that in determining damages it could only consider the amount by which the addition of the ball hook increased the value of the ball hook. The problem with Ormco's argument for separating bracket profits from ball hook profits is that it is not clear that any profits are attributable to the bracket itself. Orthodontists purchased the ball hook brackets because of the ball hooks. If they had been interested in brackets alone, they would have purchased brackets without ball hooks. Therefore, all of the sales, and all of the net profits, are due to the ball hook.
 
 VIII. Punitive Damages
 
 18
 The district court erred when it refused to instruct the jury on punitive damages. The district court conceded this after trial. A victim of trade secret misappropriation may recover punitive damages in addition to recovering the misappropriator's profits. Tri-Tron, 525 F.2d at 437-38.
 
 
 19
 If Mason wants punitive damages he will have to relitigate the case. A district court may not reconvene the jury over a year after it has discharged the jury. See United States v. Boone, 1991 WL 256276 (9th Cir., Dec. 5, 1991); E.F. Hutton & Co., Inc. v. Arnebergh, 775 F.2d 1061 (9th Cir.1985), cert. denied 476 U.S. 1141 (1986); Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co., 734 F.2d 133, 144-47 (3d Cir.), cert. denied, 469 U.S. 1072 (1984); Hopkins v. Coen, 431 F.2d 1055, 1059 (6th Cir.1970). In People v. Romero, 646 P.2d 824, 829 (Cal.1977), the California Supreme court explained the rationale for not reconvening juries:
 
 
 20
 [H]ere, the error, if any there was, was not brought to the court's attention for almost two months. It goes without saying that in two months memories may fail, and in the interim, ex parte contact with former jurors by dissatisfied litigants may encourage jurors to falsify or invent facts.
 
 
 21
 Id. at 829. The rationale expressed by the California Supreme Court is applicable here as well. In the present case, the jurors may have difficulty remembering everything from the trial since over a year will have passed since the trial. Moreover, since the trial ended, the jurors have had an opportunity to discuss the case with other people, including counsel for the parties. The passage of time and contacts with other people would undoubtedly influence the jury's decisions about punitive damages.
 
 
 22
 Moreover, the trial court may not have a separate trial on the punitive damages issue alone. The issue of punitive damages cannot be separated from the rest of the case. A party may recover punitive damages only if the defendant has been guilty of oppression, malice, or fraud. Section 17.208, R.C.M. (1947). The jury cannot determine whether there has been oppression, malice, or fraud without considering the evidence presented in the rest of the case.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3