956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moises CHACON-SANCHEZ, Defendant-Appellant.
 No. 90-10381.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided March 2, 1992.
 
 Before WILLIAM B. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moises Chacon-Sanchez appeals his conviction for conspiracy, distribution of heroin and possession with intent to distribute heroin. Chacon-Sanchez contends that his due process rights were violated by the government's suppression of exculpatory evidence. Chacon-Sanchez also contends that the district court erred in failing to order early disclosure of impeachment evidence, in limiting the scope of jury voir dire, and in restricting the scope of cross-examination of a government witness. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On January 23, 1990, the government filed a criminal complaint in the United States District Court for the Northern District of California charging appellant Moises Chacon-Sanchez and Juan Farias-Silva with conspiracy, distribution of heroin and possession with intent to distribute heroin. An affidavit filed in support of the complaint alleged that a confidential informant, Miguel Diaz, purchased heroin from Chacon-Sanchez on a number of occasions during the preceding months. On January 31, 1990, Chacon-Sanchez and Farias-Silva were indicted for the offenses charged in the complaint.
 
 
 4
 After the grand jury returned the indictment but prior to trial, Chacon-Sanchez moved for discovery of the confidential informant's identity as well as impeachment evidence. Specifically, Chacon-Sanchez sought information relating to any beneficial treatment offered to or afforded the confidential informant by the government. The government opposed appellant's motions citing potential danger to the informant, and on March 12, 1990 the district court denied appellant's request.
 
 
 5
 Jury selection was conducted on April 16, 1990, and after a three-day trial Chacon-Sanchez and Farias-Silva were convicted on all counts. Chacon-Sanchez was subsequently sentenced to 145 months imprisonment.
 
 II
 
 6
 Chacon-Sanchez first contends that the district court erred in refusing to order early disclosure of evidence to impeach the credibility of confidential informant Miguel Diaz. Specifically, Chacon-Sanchez argues that the district court erroneously believed that it had no discretion to exercise with respect to the early disclosure of "benefactions," "promises" and "assurances" made by the government to Diaz.
 
 
 7
 In this case, the district court refused to order early disclosure of government payments and promises to Diaz reasoning that such information would become relevant only after the confidential informant testified at trial. Subsequently, but prior to trial, the government disclosed that Miguel Diaz had been paid approximately $5000 for his assistance in the case against the appellant, and approximately $5000 for his assistance in a previous case.
 
 
 8
 The government must disclose evidence that is both favorable to the accused and material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence favorable to the accused includes impeachment evidence. United States v. Bagley, 473 U.S. 667, 678 (1985). Failure to disclose such evidence requires reversal, however, only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Browne, 829 F.2d 760, 765 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. United States v. Andersson, 813 F.2d 1450, 1458-59 (9th Cir.1987).
 
 
 9
 Brady does not necessarily require the government to turn over impeachment evidence before trial. No violation occurs if the evidence is disclosed to the defense at a time when the disclosure remains of value. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988) (no violation where Brady material was provided to defense during trial and the court allowed defendants to recall witnesses and reexamine them about the evidence). Prejudice is not established by the mere possibility that undisclosed information might have helped if received earlier. See United States v. Agurs, 427 U.S. 97, 109-10 (1976).
 
 
 10
 Here, Chacon-Sanchez fails to show how the outcome of the trial would have been different if he had received evidence of government payments to Miguel Diaz earlier. The defense had the information available during trial to impeach Diaz on cross-examination and to use in closing arguments, a time at which the information was of most value to the defense. See United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir.1985). Because Chacon-Sanchez had the opportunity to use the impeachment evidence at trial, he was not unduly prejudiced by the delay in its disclosure.
 
 III
 
 11
 Chacon-Sanchez next argues that his due process rights were violated by the government's suppression of exculpatory evidence. Chacon-Sanchez alleges that, after his conviction, he obtained evidence suppressed by the government tending to impeach the credibility of the confidential informant. The suppressed evidence, he contends, impeaches key aspects of the informant's trial testimony, including the informant's denial of previous narcotics trafficking. Chacon-Sanchez attached the allegedly suppressed evidence, which was not part of the district court record, to his motion for an extension of time to file his opening brief and refers extensively to the evidence in both his opening brief and reply brief.
 
 
 12
 On August 19, 1991, in response to the government's motion to strike, we ordered stricken references in appellant's opening brief to materials outside of the record. Because the allegedly suppressed evidence is not part of the record on appeal, see Cir.R. 10-2, and because the correct procedure is for the appellant to file the evidence in the district court together with a motion for a new trial, see, e.g., United States v. Walgren, 885 F.2d 1417, 1427-28 (9th Cir.1989), or to file for collateral relief under 28 U.S.C. § 2255, we decline to address appellant's due process argument as not ripe for review. See United States v. Lang, 644 F.2d 1232, 1240 (7th Cir.), cert. denied, 454 U.S. 870 (1981) (question not ripe for appellate review when the district court did not consider the issue and the evidence not in the record).
 
 IV
 
 13
 Chacon-Sanchez next contends that the district court erred in limiting the scope of jury voir dire. Chacon-Sanchez argues that the district court refused to ask the venire members appellant's proposed questions concerning "where the jurors were from, if they had adult children and, if so, what those children did for a living or whether those children had been personally affected by narcotics."
 
 
 14
 This court reviews the district court's voir dire for an abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). Discretion is properly exercised if the voir dire questions are reasonably sufficient to test the jury for bias or partiality. United States v. Baldwin, 607 F.2d 1295, 1297 (9th Cir.1979). "[T]he trial judge should keep uppermost in his mind the fact that the parties have the right to some surface information about prospective jurors which might furnish the basis for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality." Id.
 
 
 15
 In this case, the district court first instructed the venire that the defendants were presumed innocent and that it was the burden of the government to prove them guilty beyond a reasonable doubt. The court then inquired whether any member of the venire had a predisposition of guilt because the case involved controlled substances. The court asked the venire whether anyone worked for the government and whether any venire person or close family member was a law enforcement officer. The court then asked whether any member of the venire had been a victim of a crime and whether any member of the venire would be biased because Chacon-Sanchez was assisted by an interpreter. The court finally inquired whether anyone belonged to an organization advocating heavier penalties for those convicted of drug offenses.
 
 
 16
 Because the questions posed by the district court provided sufficient information for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality, the district court did not abuse its discretion in refusing to ask further questions. See United States v. Powell, 932 F.2d at 1341.
 
 V
 
 17
 Chacon-Sanchez finally contends that the district court erred at trial in restricting the scope of cross-examination of the confidential informant. Chacon-Sanchez, quoting the district court, argues that "the lower court expressly limited counsel's inquiry into 'using cars from a car lot to smuggle drugs'."
 
 
 18
 The record cited by the appellant does not support his contention that the district court limited cross-examination of the informant. To the contrary, the statement attributed by Chacon-Sanchez to the district court, made after the informant testified, provides in full that "this specter of possibly using cars from a car lot to smuggle in drugs, I've left that point in but I was about to stop it because I thought it was totally inappropriate...." (Emphasis added). Appellant's contention that the district court restricted cross-examination of the informant regarding this issue is meritless.
 
 VI
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3