42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Wayne CATHCART, Defendant-Appellant.
 No. 93-50686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Dec. 6, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Joseph Wayne Cathcart (Cathcart) appeals his conviction on the basis of the district court's refusal to permit his counsel to question prospective jurors regarding the weight they would give testimony of law enforcement officials. He also seeks to challenge in Sentencing Guidelines proceedings his prior sentence for ineffective assistance of counsel. We affirm the district court's decisions.
 
 II.
 
 3
 Prior to trial, the defense asked the district court to put the following question to prospective jury members: "Would you believe the testimony of law enforcement officers more than any other witness solely because of his or her position?" The district court denied the request, stating that such questions "invad[e] the province of the court." While the district court's reason for refusing to make the query was incorrect, we do not agree with Cathcart that the court's refusal to put the question to the venire members requires reversal.
 
 
 4
 In United States v. Baldwin, we stated that:
 
 
 5
 When important testimony is anticipated from certain categories of witnesses, whose official or semi-official status is such that a juror might reasonably be inclined to credit their testimony, a query as to whether a juror would have such an inclination should be given if requested.
 
 
 6
 607 F.2d 1295, 1297 (9th Cir.1979) (quoting Brown v. United States, 338 F.2d 543, 545 (D.C.Cir.1964)) (quotations omitted). While the court acknowledged that refusal to ask prospective jurors whether they would be unduly influenced by the testimony of law enforcement officers does not always constitute reversible error, Baldwin, 607 F.2d at 1298, we note that the question is proper and, under the circumstances indicated above, "should be given if requested."
 
 
 7
 We consider several factors in deciding whether the court's refusal to put this query to the venire constituted an abuse of discretion: 1) the importance of the government agent's testimony to the case as a whole; 2) the extent to which venire members' attitudes toward government agents is covered by other voir dire questions and charges to the jury; 3) the extent to which the credibility of the government agent-witness is at issue; and 4) the extent to which the agent's testimony is corroborated by non-agent witnesses. Id.
 
 
 8
 Reviewing these factors in light of United States v. Powell, 932 F.2d 1337, 1340-41 (9th Cir.) (where the government's testimony was bolstered by other evidence and the court asked prospective jurors questions to test for bias and gave a jury instruction on credibility), cert. denied, 112 S.Ct. 256 (1991), and United States v. Payne, 944 F.2d 1458, 1475 (9th Cir.1991) (no error where the government did not rely on the direct testimony of government agents, where the government's case was corroborated by other testimony and evidence, and where the court asked venire questions concerning friends and relatives in law enforcement and gave a jury instruction on weighing the testimony of all witnesses equally), cert. denied, 112 S.Ct. 1598 (1992), we hold that the error was harmless.
 
 
 9
 We find that the testimony of non-agent witnesses was more important than that of law enforcement officers to the government's case. The only contested issue on the first count of armed robbery, for which Cathcart was convicted, was the identity of the robber, which was corroborated by the testimony of the victim teller and a second bank employee, and by a bank surveillance photo. Because the agents' testimony was of minor importance relative to that of the bank employees, we find that the agents' credibility was not greatly at issue. Baldwin factors 1, 3 and 4 listed above thus suffice to preclude a finding of reversible error, regardless of any possible deficiency in factor 2: whether the court's other questions were "reasonably sufficient to test the jury for bias or partiality" with regard to testimony of a police officer. Baldwin, 607 F.2d at 1297.
 
 
 10
 In light of the relatively minor role of law enforcement testimony as to the first count of robbery, we hold that while the question requested by the defense should have been asked, the district court's refusal to ask it was harmless.
 
 III.
 
 11
 Cathcart claims that because he and a codefendant shared counsel in 1980, his attorney's conflict of interest constitutionally impaired his sentence. We note that because Cathcart committed his current offense at a time when the Sentencing Guidelines authorized collateral challenges, ex post facto considerations require that the earlier guidelines be applied to authorize Cathcart's collateral challenge. Custis v. United States, 114 S.Ct. 1732, 128 L.Ed.2d 517, 522-23 (1994) (holding that defendants in federal sentencing proceedings may not collaterally attack previous convictions except where these were obtained in the absence of counsel), and progeny therefore do not apply in this case.[1] U.S.S.G. Sec. 1B1.11(a), (b)(1) (Nov. 1, 1993) (court should use guidelines in effect on the date of sentencing unless such use would violate ex post facto clause of the Constitution); United States v. Johns, 5 F.3d 1267, 1270-72 (9th Cir.1993).
 
 
 12
 While unconstitutional multiple representation is "never harmless error," Cuyler v. Sullivan, 446 U.S. 335, 349 (1980), the mere "possibility of a conflict is insufficient to impugn a criminal conviction." Id. at 350. To obtain relief, a defendant need not demonstrate prejudice. Id. at 349. He must, however, show that "actual conflict adversely affected his lawyer's performance." Id. at 348; see also United States v. Crespo de Llano, 838 F.2d 1006, 1013 (9th Cir.1987).
 
 
 13
 Cathcart argues that the court's failure to advise him as to his right to separate counsel contravened Fed.R.Crim.P. 44(c). Yet even if Cathcart were able to demonstrate that the court failed so to advise him, the case law is clear that this omission alone does not necessitate that the conviction be disregarded. See id. Absent a showing that the court knew or should have known there was an actual conflict, the Sixth Amendment imposes no affirmative duty on the trial court to inquire into joint representation. Cuyler, 446 U.S. at 348.
 
 
 14
 Cathcart claims that he never waived his right to separate counsel, and that he had no opportunity to do so. He correctly points out that the burden of proving waiver is upon the government. United States v. Allen, 831 F.2d 1487, 1498 (9th Cir.1987), cert. denied, 487 U.S. 1237 (1988). Even assuming that Cathcart did not waive his right to separate counsel, however, the burden is upon him to show that the joint representation created an actual conflict of interest that affected the adequacy of his attorney's performance.[2]
 
 
 15
 Cathcart fails to meet that burden. "[A defendant] cannot satisfy his burden of proving the constitutional invalidity of [an earlier conviction] ... merely by pointing to a silent or ambiguous record." United States v. Mulloy, 3 F.3d 1337, 1339 (9th Cir.1993) (citations omitted). Cathcart provides no factual evidence for his theories as to what more his lawyer might have done for him. There is no evidence that cooperation was a viable alternative, or that his sentence was adversely affected by the joint representation. While his attorney's failure to bring up the Youth Act at sentencing might or might not have been an ineffective assistance of counsel, it is hard to see how this would stem from a conflict of interest.
 
 
 16
 Because Cathcart fails to meet his burden of proving that an actual conflict resulted from his joint representation in 1980, his attack on his 1980 sentence must be deemed unsuccessful. We therefore affirm the district court's sentencing determination.
 
 IV.
 
 17
 For the foregoing reasons, the judgment and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Whereas Custis v. United States, 114 S.Ct. 1732 (1994) referred to sentence enhancements under the Armed Career Criminal Act, this circuit has since held that the Sentencing Guidelines post-November, 1990, do not confer any additional right to collateral attack of previous sentences. United States v. Fondren, 32 F.3d 429, 430 (9th Cir.1994); United States v. Burrows, 36 F.3d 875, 885 (9th Cir.1994)
 
 
 [2]
 If an actual conflict were demonstrated, it would be a denial of the right to effective counsel, Cuyler v. Sullivan, 446 U.S. 335, 350 (1980), and a resultant sentence would arguably be subject to collateral attack even in cases to which Custis v. United States, 114 S.Ct. 1732 (1994), applies