52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Jess OJEDA, Defendant-Appellant.
 No. 94-50214.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1995.*
Decided April 11, 1995.
 
 Before: FERGUSON, BEEZER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Jess Ojeda appeals from his conviction following a jury trial for possessing a firearm as a felon in violation of 18 U.S.C. Sec. 922(g). Ojeda contends that the jury selection system that was used to select his jury is unconstitutional because it did not produce a fair cross section of the community. We have addressed this issue in a separate opinion. Ojeda also contends that the district court erred by denying Ojeda's request to strike a juror for cause. We reject this contention and affirm.
 
 
 3
 Ojeda argues that the district court should have allowed the exclusion of the potential juror for cause, because 1) the juror had been raped at gunpoint; 2) the judge asked the juror leading questions in determining whether the juror would be biased against the defendant; and 3) the juror's answers to the judge's voir dire were sometimes uncertain. The district court's decision to deny a challenge for cause will be overturned only if the district court abused its discretion or was "manifestly erroneous." United States v. Egbuniwe, 969 F.2d 757, 762 (9th Cir.1992).
 
 
 4
 The district court was not required to excuse the potential juror for cause based solely on her initial responses. In United States v. Alexander, Nos. 93-50595, 93-50612, 93-50663, and 93-50831, 1995 WL 67232, at * 3 (9th Cir. Feb. 21, 1995), this court found that the district court did not abuse its discretion in refusing to strike a juror for cause in an armed bank robbery trial, where the potential juror initially said he "believed" he could be impartial but later stated definitively that he could separate his experience as a victim of a robbery from the facts of the case and act fairly. See also United States v. Daly, 716 F.2d 1499, 1507 (9th Cir.1983) (finding no abuse of discretion in the district court's refusal to strike a juror for cause who initially said he would "try" to be impartial, but later stated, "Okay, I will do it") (cert. dismissed, 465 U.S. 1075 (1984)).
 
 
 5
 During the court's voir dire of the potential juror in Ojeda's trial, the court asked the juror if her personal experience would influence her in any way in sitting as a juror; the juror answered, "I don't think so." The court then asked if she could "set that personal experience aside and view this case on the evidence ... receive[d] in the trial." The juror answered, "I believe I could, yes." Later the court asked the juror if she "could be completely fair and impartial if seated as a juror in the case." The juror definitively answered, "Yes, I do." The district court's voire dire of the potential juror was "reasonably sufficient to test the juror for bias or partiality." United States v. Baldwin, 607 F.2d 1295, 1297 (9th Cir.1979). The district court did not abuse its discretion or commit manifest error in refusing to strike the juror for cause.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3