**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10191 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00034-FMTG-1 |
| v. | |
| JAMES RUMBAUA DAMASO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted June 12, 2024
Honolulu, Hawai‘i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

James Rumbaua Damaso appeals his conviction and sentence for possession of fifty or more grams of methamphetamine hydrochloride with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(A)(viii). We assume the parties' familiarity with the facts and do not restate them here except as necessary. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Damaso first challenges the denial of his motion to suppress the evidence obtained during the traffic stop of his car. We review *de novo* the denial of a motion to suppress, but review factual findings for clear error. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam).

An investigative stop can be based on reasonable suspicion, or "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 572 U.S. 393, 396–97 (2014). Under the totality of the circumstances, and considering the collective knowledge of the agents involved, there was reasonable suspicion to stop Damaso's car. *See United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007). GPS data showed the intercepted drug package had been taken inside a residence, which the agents reasonably believed was a single-family dwelling, and opened. The agents stopped a car leaving the residence driven by Jeffrey Baldonado, and found the package, now containing only one of the four false drug packets that had been inserted into the package during their investigation. Baldonado confirmed that he had delivered the remaining contents to someone in the residence. When Damaso's car was seen leaving the residence, the nearby agents stopped the car, the only vehicle driving away from the residence down the dead-end road. Accordingly, the district court did not err in finding reasonable suspicion to stop the car.

**2.** Damaso argues the district court erred during voir dire by failing to

ask whether any jurors were biased in favor of law enforcement. Because Damaso failed to object below or request any specific questions, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 134 (2009).

"Failure to ask jury venire members if they would be unduly influenced by the testimony of law enforcement officers does not necessarily constitute reversible error." *United States v. Powell*, 932 F.2d 1337, 1340 (9th Cir. 1991). Damaso does not cite a case, nor do we know of any, finding plain error in the failure of a district court to ask venire members about bias in favor of law enforcement absent a request to do so. *C.f.*, *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979) (noting such a question "should be given if requested"); *United States v. Contreras-Castro*, 825 F.2d 185, 187 (9th Cir. 1989) (finding failure to ask a requested question was reversible error). There is no indication that the district court limited counsel's questioning during voir dire in any way. Additionally, the district court asked repeatedly if venire members could be fair and impartial, and posed questions proposed by the government evaluating venire members' possible biases towards law enforcement. There was no plain error.

3.      Damaso argues that statements made by an agent during trial constituted impermissible vouching. Because he did not object below, we again review for plain error. Fed. R. Crim. P. 52(b).

Although a witness generally may not testify that another witness did or did

3

not lie, *see United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), Damaso opened the door to the government's questions on redirect by first asking Agent Tracy during cross examination, over the government's objection, about Baldonado's truthfulness. The government's response to a topic initially raised by Damaso did not constitute vouching. Moreover, any error in admitting the testimony was harmless. The evidence at trial included the money, scales, and baggies recovered from Damaso's car, and agent testimony about the traffic stop and the amount of methamphetamine in Damaso's possession.. The verdict did not "depend[] on the credibility of the bolstered witness." *Id.*

4.      The district court did not err in admitting testimony relating to Baldonado's pre-trial identification of Damaso. Damaso argues the identification procedure was unduly suggestive and resulted in a violation of his due process rights. Because this argument was raised for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b).

Baldonado's identification was sufficiently reliable. *See Walden v. Shinn*, 990 F.3d 1183, 1198 (9th Cir. 2021) ("Reliability of the eyewitness identification is the linchpin of [this] evaluation."). Baldonado had the opportunity to view Damaso both at the package delivery and during previous interactions. He responded with certainty when asked by agents to identify the individual in the photograph, and he had just seen Damaso a short time earlier. *United States v.*

4

*Barrett*, 703 F.2d 1076, 1085 (9th Cir. 1982) (listing factors considered as part of a totality of the circumstances analysis to determine reliability of the identification). To the extent Damaso argues that Baldonado was incentivized to lie to agents for the sake of pointing to a scapegoat, the credibility of Baldonado's testimony was for the jury to weigh. *United States v. Kessler*, 692 F.2d 584, 587 (9th Cir. 1982) ("Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.").

5.      Damaso argues the district court erred by failing to consider in sentencing mitigating aspects of his history and characteristics as required by 18 U.S.C. § 3553(a)(1). However, notwithstanding the district judge's statement that she was "denying" Damaso's request to consider the mitigating factors he identified, the district court did expressly consider those factors. The judge referenced the mitigating factors raised by Damaso, such as his prior attempts at treatment for addiction and mental health, his relatively advanced age, and his family relationships. And when explaining the rationale for the sentence, the district judge referred to the § 3553(a) factors. Although the court ultimately found these factors unconvincing in light of the aggravating factors, it did engage with Damaso's arguments. In context, the district judge did not procedurally err.

Damaso's conviction and sentence are **AFFIRMED**.

5