**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Ezequiel CONTRERAS–CASTRO, Defendant-Appellant.**

**No. 86–5262.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1987.

Decided July 29, 1987.

Designated for Publication Aug. 18, 1987.

Bruce R. Castetter and Edward P. Allard, III, San Diego, Cal., for plaintiff-appellee.

Ezekiel E. Cortez, San Diego, Cal., for defendant-appellant.

Before NELSON, HALL and THOMPSON, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Ezequiel Contreras-Castro appeals his conviction for importation of marijuana and possession with intent to distribute marijuana. He contends that the district court abused its discretion in refusing to ask the venire whether any member would be more likely to believe the testimony of a law enforcement officer, merely because of his position, than the testimony of other witnesses. We agree and reverse and remand.

## I

On December 28, 1985, Ezequiel Contreras-Castro drove from Mexico to the United States, stopping for inspection at the port of entry at Otay Mesa, California. Agents found seventy-one packages of marijuana concealed in the sailboat atop his car. The agents then arrested Contreras-Castro. Shortly thereafter, DEA agent Chemes arrived to question Contreras-Castro.

On January 8, 1986, a grand jury indicted Contreras-Castro for importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, 963, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841.

Contreras-Castro submitted proposed voir dire questions for the court to ask the venire. Specifically, he requested that the court ask:

> Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government? Would you give their testimony greater weight or credibility over that of defendant Contreras or witnesses testifying on his behalf?

The court refused to ask these questions. At the close of voir dire, Contreras-Castro requested that the court ask the panel members if they would be more likely to

believe the testimony of a police officer than that of any other witness. The court again refused. The jury convicted Contreras-Castro of both counts charged in the indictment. He timely appeals.

## II

This court reviews the district court's voir dire for abuse of discretion. *United States v. Jones*, 722 F.2d 528, 529 (9th Cir.1983).

## III

Contreras-Castro contends that the district court committed reversible error by refusing to ask the venire members whether they would favor the testimony of law enforcement officers over his testimony.

In *United States v. Baldwin*, 607 F.2d 1295 (9th Cir.1979), this court found reversible error in the district court's failure to question prospective jurors as to whether they were acquainted with prospective witnesses ànd whether they would give greater or lesser weight to the testimony of a law enforcement officer merely because of the officer's position. *Baldwin*, 607 F.2d at 1298. This court has since held that the failure to ask only one of these questions can constitute reversible error. *See United States v. Washington*, 819 F.2d 221, 224–25 (9th Cir.1987) (failure to question prospective jurors as to acquaintance with government's witnesses reversible error); *Darbin v. Nourse*, 664 F.2d 1109, 1114–16 (9th Cir.1981) (failure to question venire members whether they would give greater weight to law enforcement officers' testimony merely because of position reversible error in section 1983 action).

■ Whether failure to ask the venire members if they would be unduly influenced by the testimony of law enforcement officers is reversible error is evaluated in light of factors such as the following: the importance of the officer's testimony to the government's case as a whole; the extent to which the government agent-witness' credibility is challenged; the extent to which the government agent's testimony is corroborated by non-agent witnesses; and the extent to which the question concerning the venireperson's attitude toward government agents is covered in other voir dire questions and in the jury instructions. *Baldwin*, 607 F.2d at 1298.

■ Here, the record reveals that the court's failure to ask the venire members if the testimony of law enforcement officers would unduly influence them constitutes reversible error. The government's entire case rested on the testimony of two law enforcement officers. The testimony of only one of these agents bore directly on whether Contreras-Castro knew that the contraband was marijuana and contradicted Contreras-Castro's testimony. The government called no other witnesses to corroborate the agent's testimony. Finally, although the court attempted to elicit the prospective jurors' attitudes and biases toward government agents by asking questions about their relationship with law enforcement officers and more general questions about impartiality, it never questioned the entire panel about specific biases concerning the veracity of government-agent witnesses. Accordingly, the district court's failure to ask the specific question requested by Contreras-Castro constitutes reversible error. *See United States v. Washington*, 819 F.2d 221, 224–25 (9th Cir.1987); *Darbin v. Nourse*, 664 F.2d 1109, 1114–16 (9th Cir.1981); *Baldwin* 607 F.2d at 1298.

REVERSED AND REMANDED.