*1335
 
 OVERVIEW
 

 FARRIS, Circuit Judge:
 

 Loranza Verne Powell appeals his conviction and sentence for possession of cocaine with intent to distribute. We affirm.
 

 JURISDICTION
 

 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
 

 ISSUES
 

 (1) Whether the district court committed reversible error by declining to ask the venire whether they would give the testimony of law enforcement agents greater credibility than that of other witnesses.
 

 (2) Whether the district court’s determination that the jury verdict on count two was unanimous was clearly erroneous.
 

 (3) Whether the district court’s refusal to give a special unanimity instruction was plain error.
 

 (4) Whether the district court erred in failing to give lesser included offense instructions.
 

 (5) Whether the district court erred in determining the amount of cocaine possessed by Powell for purposes of sentencing.
 

 FACTS
 

 On November 11, 1988, customs agents received a tip that an individual was in Marin County to transport one million dollars to Los Angeles. Their investigation resulted in the surveillance of Ricardo Guzman, Jose Pons, and Powell. On November 12, while Powell and Pons met in a nearby restaurant, Guzman was observed in his hotel parking lot standing next to the trunk of a 1985 BMW with two gym bags. Powell later left in the 1985 BMW.
 

 On November 13, Guzman and Pons were observed loading items into a 1984 BMW. Guzman departed in the BMW and was stopped by police. A search of the vehicle revealed a duffel bag containing $262,000 in cash and assorted assault weapons. When asked where the gym bags were, Guzman stated that Pons had told him to place them in the trunk of the 1985 BMW.
 

 Customs agents visited Powell’s house on November 14. Agent Elliott testified that, upon questioning about the gym bags, Powell told him that the orange bag was in the basement behind a chair and showed him where it was. Elliott testified that Powell told him the bag contained cocaine. Elliott testified that Powell told him that the bags had been transferred to his car at Pons’s direction on November 12.
 

 In addition to the five kilos of cocaine in the gym bag, other significant items were found at Powell’s house: (1) the 1985 BMW, (2) in the kitchen, two rinsed-out, one-kilogram bags containing trace amounts of cocaine, (3) six grams of cocaine in a man’s bathrobe in the master bedroom, (4) twenty-eight grams of cocaine in a woman’s jacket, (5) a portable electronic scale and a triple beam balance, (6) a currency counter, and (7) four large amounts of cash totaling approximately $162,000, $54,000 of which was in the master bedroom.
 

 Powell called William Brooks to testify. His testimony, however, was that he and Powell planned to sell the cocaine in the gym bag and had sold cocaine since 1984. He stated that Powell had given him six kilos from the gym bag on November 13, and that five or six kilos had remained in the bag. He testified that he sold the six for $14,750 each and brought the cash back to Powell’s house that night.
 

 Powell testified that the cash found in his home and the activities observed by the agents were related to a jewelry selling arrangement he had with Pons. Powell testified that, after customs agents came to his door on November 14, he searched the house for contraband. He found two packages of cocaine in a room in which Brooks often stayed which he dumped down the garbage disposal. Thereafter, he admitted Agent Elliott. When asked about the two gym bags, he denied knowledge of them, but then stated that he had seen an orange bag in the basement. Powell denied telling
 
 *1336
 
 Elliott that there was cocaine in the orange bag. He denied any knowledge of the cocaine and denied giving Brooks any cocaine the night before. He admitted, however, that he had lied to Elliott at the time of the search by referring to Pons as “Jack Riley” and by stating that he had stopped on his way home on November 12 and something had been taken out of his trunk.
 

 DISCUSSION
 

 I.
 
 Voir Dire
 

 At trial, Powell requested several additional jury voir dire questions. The district court refused to ask these questions, finding that the issues raised were indirectly, but sufficiently, addressed by the questions the court had asked the venire. Powell objected to this ruling, and filed a motion for a new trial on this basis, which was denied. On appeal, he claims that the district court’s voir dire did not adequately expose potential juror bias in favor of law enforcement testimony.
 
 [1]
 

 We review the district court’s voir dire for an abuse of discretion.
 
 United States v. Contreras-Castro,
 
 825 F.2d 185, 187 (9th Cir.1987). It is wholly within the judge’s discretion to reject supplemental questions proposed by counsel if the voir dire is otherwise reasonably sufficient to test the jury for bias or partiality.
 
 See United States v. Baldwin,
 
 607 F.2d 1295, 1297 (9th Cir.1979). When based upon a proper legal standard, a decision to grant or deny a new trial is within the sound discretion of the trial court.
 
 United States v. Steel,
 
 759 F.2d 706, 713 (9th Cir.1985).
 

 Failure to ask jury venire members if they would be unduly influenced by the testimony of law enforcement officers does not necessarily constitute reversible error.
 
 Baldwin,
 
 607 F.2d at 1298. A finding of error depends upon the court’s evaluation of the following factors:
 

 [T]he importance of the government agent’s testimony to the case as a whole; the extent to which the question concerning the venireperson’s attitude toward government agents is covered in other questions on voir dire and on the charge to the jury; the extent to which the credibility of the government agent-witness is put into issue; and the extent to which the testimony of the government agent is corroborated by non-agent witnesses.
 

 Id.
 

 In
 
 Contreras-Castro,
 
 we reversed Contreras-Castro’s conviction because: (1) the government’s entire case rested on the testimony of government agents, (2) only one agent’s testimony bore on the issue of whether Contreras-Castro knew that the contraband concealed in the sailboat atop his car was marijuana and Contreras-Castro contradicted that agent’s testimony, and (3) there were no non-agent witnesses for the government. 825 F.2d at 187. It was not sufficient that the court had asked the prospective jurors about relationships with law enforcement officers and about impartiality.
 
 Id.
 
 We held that the district court erred by refusing to pose questions about specific biases concerning the veracity of government-agent witnesses, such as the question proposed by Powell at trial.
 

 The present case is significantly different. The government’s testimony that Powell said there was cocaine in the orange bag is bolstered by other evidence: (1) by the other drug-related items found in Powell’s house, such as the scales, (2) by Powell’s connection with Pons and Guzman, and (3) by the congruence of the testimony of Powell and Elliott regarding other events at Powell’s house.
 
 [2]
 

 In addition, the district court’s charge to the jury and voir dire tested the venire for bias. The judge asked several venire-members whether they or close friends or
 
 *1337
 
 family had been victims or accused of crimes or whether they were related to law enforcement officials. The judge also inquired generally whether the venirepersons believed that they could be fair in the case and could apply the law as given by the court. The judge asked the entire venire whether any questions he had asked other veniremembers had brought to mind anything they should tell the court. Prior to this question, the judge had asked one venireperson whether he understood that he could not hold some witnesses to a higher standard of credibility than others. Finally, the court gave the jury an instruction on credibility.
 
 [3]
 
 Nothing more was required. We find no abuse of discretion.
 

 II.Unanimity
 

 For a verdict to be unanimous, the jury must substantially agree on the principal factual elements underlying the offense.
 
 United States v. Hernandez-Escarsega,
 
 886 F.2d 1560, 1572 (9th Cir.1989),
 
 cert. denied,
 
 — U.S. -, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). The district court’s determination that a verdict is unanimous is reviewable for clear error.
 
 United States v. McClintock,
 
 748 F.2d 1278, 1292 (9th Cir.1984),
 
 cert. denied,
 
 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).
 

 The district court prepared a special finding form which required the jury, if it found Powell guilty of possession, to specify whether they found that he possessed all seven kilos, the five kilos in the basement, or the two kilos that were washed down the kitchen sink. The jury returned the special finding form with numbers indicating the number of jurors voting for each quantity. The judge subsequently determined that the special finding was not necessary, sealed it, and asked the jury to disregard it and reaffirm their verdict, which they did. The jury was polled and indicated that the verdict was unanimous. The district court’s finding of unanimity was not error.
 

 We reject Powell’s argument that the special finding calls the validity of the jury poll into question. In fact, the special finding demonstrates that the jury unanimously found that Powell possessed one of the three quantities with intent to distribute.
 

 III.
 
 Unanimity Instruction
 

 Because defense counsel did not request a specific unanimity instruction at trial, the district court’s failure to give the jury such an instruction is reviewed for plain error.
 
 United States v. Sanchez,
 
 914 F.2d 1355, 1358 (9th Cir.1990). “Plain error is found only in exceptional circumstances, when the error is highly prejudicial, affects substantial rights, and it is highly probable that it materially affected the verdict.”
 
 Id.
 

 When “ ‘there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts,’ ” the trial court must ensure that the jury “ ‘understands its duty to unanimously agree to a particular set of facts.’ ”
 
 United States v. Payseno,
 
 782 F.2d 832, 836 (9th Cir.1986) (emphasis omitted) (quoting
 
 United States v. Echeverry,
 
 719 F.2d 974, 975 (9th Cir.1983)). We hold that, under the facts of this case, the court’s failure to sua sponte issue a special unanimity instruction was not error.
 

 IV.
 
 Lesser Included Offense Instructions
 

 A defendant is entitled to a lesser included offense instruction “when ‘the elements of the lesser offense are a subset of the elements of the charged offense’ and a factual basis supports such an instruction.”
 
 United States v. Walker,
 
 915 F.2d 480, 486 (9th Cir.1990) (quoting
 
 Schmuck v. United States,
 
 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989)).
 

 A.
 
 Possession
 

 Powell contends that the district court’s failure to sua sponte give a simple possession lesser included offense instruction constituted plain error. The government concedes that the elements of simple possession, 21 U.S.C. § 844(a), are a subset of the elements of possession with intent to dis
 
 *1338
 
 tribute, 21 U.S.C. § 841(a). To demonstrate a factual basis for the instruction, Powell must show that the evidence at trial was such “that a jury could rationally find [him] guilty of the lesser offense, yet acquit him of the greater.”
 
 Schmuck,
 
 489 U.S. at 716 n. 8, 109 S.Ct. at 1450 n. 8 (citing
 
 Keeble v. United States,
 
 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973)).
 

 Contrary to the government’s argument, Powell could be convicted of simple possession under 21 U.S.C. § 844 even if he only possessed the cocaine for the purpose of destroying it.
 
 See United States v. Holloway,
 
 744 F.2d 527, 532 (6th Cir.1984) (no element of criminal intent in section 844). We distinguish
 
 United States v. Payne,
 
 805 F.2d 1062, 1067 (D.C.Cir.1986), because, in that case, the court characterized the defense as lack of possession, not lack of intent to distribute.
 

 However, we agree with the government tnat tnere was no iactuai oasis for a simple possession instruction. The evidence from the surveillance, Elliott’s testimony that Powell said there was cocaine in the basement bag, Brooks’s testimony, and the drug-related items found in the house all discredited Powell’s story. Where there are large quantities of a drug and other evidence tending to establish distribution, we have declined to require a possession instruction, holding that once the jury found possession under such circumstances, it could not rationally conclude that there was no intent to distribute.
 
 See United States v. Espinosa,
 
 827 F.2d 604, 615 (9th Cir.1987) (69 pounds of cocaine in an unfurnished apartment to which defendant had keys),
 
 cert. denied,
 
 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988).
 

 B.
 
 Less than Five Kilos with Intent to Distribute
 

 Powell did not request a lesser included instruction on possession of less than five kilograms of cocaine with intent to distribute. Powell argues that his objection to the withdrawal of the special finding constitutes an assertion of his right to this lesser included offense charge, and therefore that we must review for abuse of discretion. We need not decide this question, since we find that the district court’s failure to give the instruction was not error even under the abuse of discretion standard.
 
 See Walker,
 
 915 F.2d at 485.
 

 In
 
 Walker,
 
 we held that if the indictment specifies the quantity of drugs, as it did here, it may be necessary to instruct the jury that it may find that a lesser amount was distributed if there is a factual basis for such an instruction.
 
 Id.
 
 at 486. The present case, however, is analogous to
 
 United States v. Ramirez-Ramirez,
 
 875 F.2d 772, 775 (9th Cir.1989), in which we held that a lesser included offense instruction was not required. Ramirez-Ramirez claimed that he intended to smuggle only a small amount of marijuana across the border in his truck. The truck actually carried a large amount of concealed cocaine as well. The court held that the defendant was not entitled to a lesser included instruction on possession with intent to distribute the marijuana because, at best, he had made a mistake of fact as to type and location of the drugs he possessed with intent to distribute.
 
 Id.
 
 at 774-75. Similarly, Powell, once found to have possessed at least the two kilograms with intent to distribute, was involved in a distribution scheme and his mistake of fact as to the quantity of drugs involved does not provide a basis for a lesser included offense instruction.
 

 V.
 
 Sentencina
 

 Powell claims that the district court s implicit finding that his offense involved five kilograms of cocaine or more was clearly erroneous.
 
 See United States v. Sanchez-Lopez,
 
 879 F.2d 541, 557 (9th Cir.1989). He also argues that, even if the implicit finding was not clearly erroneous, he must be resentenced because the district court failed to make specific findings of fact as to the quantity of cocaine involved.
 

 In
 
 United States v. Jenkins,
 
 866 F.2d 331, 334 (10th Cir.1989), the Tenth Circuit held that the sentencing judge’s determination of the quantity of drugs involved was not affected by the fact (1) that the jury did not determine the quantity of drugs in
 
 *1339
 
 volved in the offense or (2) that it was possible that the jury had found that less drugs than the quantity required for the enhanced sentence had been involved. It was sufficient that the amount required to enhance had been alleged in the indictment and that evidence showed that the defendant was in constructive possession of a sufficient quantity to warrant the enhanced penalty.
 
 Id.
 
 The district court’s finding that Powell was in constructive possession of at least five kilograms finds ample support in the record.
 

 The district court made a finding within the meaning of
 
 United States v. Fernandez-Angulo,
 
 897 F.2d 1514, 1516 (9th Cir.1990), on the disputed issue of the quantity of cocaine. In imposing sentence, the court stated that Powell had been convicted of an offense “involving five or more kilograms of cocaine” and that such a conviction results in a sentence of ten years. In the context of this case, it was apparent to the district court that the amount of cocaine involved was at issue in sentencing.
 

 AFFIRMED.
 

 [1]
 

 . Powell submitted the following question:
 

 1. Would you tend to believe a witness who is employed or connected with law enforcement or government more than a civilian because of that connection with law enforcement or government?
 

 [2]
 

 . And, while Brooks was not a non-agent government witness, his testimony provides additional assurance that the jury did not convict Powell because of bias in favor of law enforcement testimony.
 

 [3]
 

 . You’re required to use the same standard in judging the credibility of every witness, regardless of what his occupation or background may be.