935 F.2d 276
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Mitchell BROWN, Defendant-Appellant.
 
 1
 No. 89-20536.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted June 11, 1991.*
Decided June 17, 1991.
 
 3
 Before BRUNETTI and RYMER, Circuit Judges, and WILSON,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Andre Mitchell Brown appeals from convictions for armed bank robbery and use of a firearm during a crime of violence. We affirm.
 
 
 6
 * Brown argues that the admission of certain evidence was reversible error because the evidence was irrelevant and prejudicial. We review the district court's decision with respect to this issue on an abuse of discretion standard. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989); United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987).
 
 
 7
 Brown's contention that the handgun ammunition found among his personal belongings is irrelevant is without merit. The crimes charged in this case involved the use of a handgun. Evidence of ammunition connected with Brown tends to show that he owned or had regular access to a handgun, and is therefore probative of whether he was the robber. See Fed.R.Evid. 401; United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.) (evidence of guns found in home of suspected drug dealers admissible), cert. denied, 488 U.S. 943 (1988).
 
 
 8
 Neither is this evidence unduly prejudicial. See Fed.R.Evid. 403; Savinovich, 845 F.2d at 837. Brown had the opportunity to offer, and did in fact offer, testimony to show that others had access to the room where the ammunition was found and had reason to own such ammunition. Thus the value of the evidence was not outweighed by a danger of unfair prejudice, and the district court correctly exercised its discretion in allowing the handgun ammunition into evidence.
 
 II
 
 9
 Brown asserts on appeal, for the first time, that the district court violated Rule 608 of the Federal Rules of Evidence by allowing proof of Mrs. Tubutu's contradictory statements into evidence. This testimony was admissible as extrinsic evidence of prior inconsistent statements of a witness. Fed.R.Evid. 613(b). It also tended to impeach the testimony of Mr. Tubutu that that the money had been given to Brown because they were going into business together. As such, its admission did not constitute plain error. See Fed R.Evid. 103 (standard of review when party fails to object to admission of evidence at trial is plain error).
 
 
 10
 The purpose behind the government's use of this testimony was not to put improper character evidence before the jury. See Fed.R.Evid. 404(a); United States v. Hadley, 918 F.2d 848, 850 (9th Cir.1987) (under Rule 404, evidence is inadmissible only when it proves nothing but defendant's criminal propensities). The obvious use of this testimony was to impeach the credibility of Mrs. Tubutu as a witness. Thus, Rule 404 is not a bar to its admission.
 
 
 11
 Brown's argument that the district court erred in not instructing the jury that this testimony was limited to impeaching Mrs. Tubutu's credibility is also raised for the first time on appeal. Where no request for instruction or objection is made at the time of trial, we employ a plain error standard of review. United States v. Marsh, 894 F.2d 1035, 1039 (9th Cir.1989), cert. denied, 110 S.Ct. 1143 (1990); Kessi, 868 F.2d at 1102. Mrs. Tubutu's statement could be interpreted as keeping Brown out of financial trouble, not as going solely to propensity as Brown contends. The district court did not plainly err in failing to give a limiting instruction sua sponte.
 
 III
 
 12
 Before trial Brown submitted proposed voir dire questions relating specifically to the defense of mistaken identity. [E.R. 14]. The district court did not ask these questions, and Brown contends that this prevented him from determining whether prejudice existed among the veniremen regarding his proposed defense.
 
 
 13
 We have repeatedly held that a court need not make a defendant's theory of the case the subject of mandatory voir dire. United States v. Toomey, 764 F.2d 678, 683 (9th Cir.1985), cert. denied, 474 U.S. 1069 (1986); United States v. Jones, 722 F.2d 528, 529-30 (9th Cir.1983). The district court did not abuse its discretion in refusing to ask these questions. See United States v. Contreras-Castro, 825 F.2d 185, 187 (9th Cir.1987) (district court's conduct of voir dire reviewed for abuse of discretion).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3