976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Reginald GREY, Defendant-Appellant.
 No. 91-50390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Reginald Grey appeals his conviction, following a jury trial, for one count of assaulting a federal officer in violation 18 U.S.C. § 111(a)(1). Grey contends that the district court erred by refusing to ask the jury venire any questions regarding the veracity of law enforcement officers. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's voir dire for an abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991); United States v. Contreras-Castro, 825 F.2d 185, 187 (9th Cir.1987).
 
 
 4
 A district court has discretion to reject supplemental voir dire questions proposed by counsel provided that the voir dire adequately tests the venire's bias and partiality. Powell, 932 F.2d at 1337. In order to determine whether reversible error exists, we need to evaluate the following factors:
 
 
 5
 [T]he importance of the government agent's testimony to the case as a whole; the extent to which the government agent-witness' credibility is challenged; the extent to which the government agent's testimony is corroborated by non-agent witnesses; and the extent to which the question concerning the venireperson's attitude toward government agents is covered in other voir dire questions and in the jury instructions.
 
 
 6
 Id.; see also Contreras-Castro, 825 F.2d at 187 (district court's failure to ask specific questions concerning the veracity of government agents constituted reversible error where government's case rested entirely on testimony of two government agents, only one agent's testimony bore directly on the ultimate issue and contradicted the defendant, and no non-agent witnesses testified for the government).
 
 
 7
 Here, Grey, and a fellow inmate, were charged with assaulting a prison guard in their cell. The two inmates and the guard were the only ones with first-hand knowledge of what occurred inside the cell. Prior to voir dire, the district court rejected Grey's request that the court ask the members of the venire the following question: "whether any person believes that in any occasion do police officers testify untruthfully." Nevertheless, the district court questioned the venire regarding the testimony of law enforcement officers. The court asked the venire members whether they would give an officer's testimony more credence, or less credence, based solely on the fact that the witness was a law enforcement officer. The court also asked the venire members whether they were biased, for or against law enforcement officers, based on the following factors: media attention of the law enforcement community; personal relationships with law enforcement officers; or prior involvement with the criminal justice system. At trial, the guard's testimony was corroborated by the testimony of the physician who treated the officer after the attack and the two physician's assistants who treated Grey and the other inmate. In addition, the district court's instructions included a general credibility instruction.
 
 
 8
 Although the district court rejected Grey's proposed voir dire question, the district court's voir dire adequately tested the venire's bias and partiality. See Powell, 932 F.2d at 1340-41. Additionally, the corroborating testimony of non-officers and the court's credibility instruction helped ensure that Grey's conviction was not based on bias in favor of law enforcement testimony. See id. Therefore, the district court did not abuse its discretion by failing to ask Grey's proposed question regarding the veracity of law enforcement officers. See id.; cf. Contreras-Castro, 825 F.2d at 187.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3