5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio PONS, Defendant-Appellant.
 Nos. 92-10033, 92-10262.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided Sept. 27, 1993.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CR-88-0749-JPV; Samuel Conti, District Judge, Presiding.
 
 
 2
 N.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: PREGERSON, BEEZER, Circuit Judges, and TAKASUGI, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 Jose Antonio Pons appeals from the district court's denial, without an evidentiary hearing, of his motion for new trial based upon newly discovered evidence and the denial of his post-trial request for discovery. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's order denying the motion for new trial based upon newly discovered evidence and the district court's order denying Pons' post-trial discovery request.
 
 I.
 
 7
 On November 23, 1988, an indictment was filed charging Pons with distributing cocaine and conspiracy to distribute cocaine. A co-defendant, Ricardo Guzman, was tried separately. Guzman cooperated with the government and was sentenced to ten months imprisonment with two months credit for time he had served in custody. Pons was found guilty by the jury on both counts on September 12, 1989. Pons was sentenced to 184 months imprisonment and five years supervised release. We affirmed Pons' conviction on February 28, 1992. United States v. Pons, 956 F.2d 276 (9th Cir.1992).
 
 
 8
 On June 17, 1991, while his appeal was pending, Pons filed a motion for new trial on various grounds, including newly discovered evidence. On July 11, 1991, the district court denied the motion for new trial and stated that Rule 33 of the Federal Rules of Criminal Procedure prevented the court from granting the motion for new trial based upon newly discovered evidence prior to a remand of the case. On December 26, 1991, we granted Pons a limited stay of his appeal so that he could seek an indication from the district court as to whether it would entertain a motion for new trial.
 
 
 9
 Pons sought an indication from the district court and on February 14, 1992, the district court denied the motion for new trial based upon newly discovered evidence.
 
 II.
 
 10
 A decision to grant or deny a new trial is within the sound discretion of the trial court. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). The appellant bears the significant burden of establishing that the district court abused its discretion. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985). The district court made no findings of fact or conclusions of law.
 
 A. Clarity of the District Court's Order
 
 11
 Pons argues that the district court's order should be vacated and the case should be remanded because the order denying the motion for new trial based upon newly discovered evidence does not contain findings of fact and conclusions of law. Although findings are helpful to meaningful appellate review and "[t]he case may be remanded to have findings made ... this is not mandatory, and the appellate court may proceed to decision if it feels able to do so." 3 Charles A. Wright, Federal Practice and Procedure Sec. 600 (2d ed. 1982); see also, United States v. Koshnevis, 979 F.2d 691, 694 (9th Cir.1992) ("[w]hen a court does not enter a specific finding, we will uphold the result if it is reasonably supported in the record"). The record herein enables us to effectively consider the merits of the claims without the benefit of findings.
 
 
 12
 Pons also challenges the district court's order on the grounds that it constitutes a denial of the motion for new trial on the basis of newly discovered evidence without considering the merits. We disagree. Despite a slight inconsistency between the July 11, 1991, order and the February 14, 1992, order, the latter order unequivocally denies the motion on the merits.
 
 B. Undisclosed Plea Agreement
 
 13
 Pons argues that the district court improperly determined that there was no undisclosed plea agreement between the government and its witness, Ricardo Guzman. The only evidence submitted to the district court by Pons in support of this claim was his own declaration stating that Guzman's former attorney told Pons in a telephone conversation that the government had promised Guzman a ten month sentence with two months credit for time he had served in custody.
 
 
 14
 Guzman testified at trial that he had entered a plea agreement whereby he pled guilty "to a lesser charge in return for [his] testimony. A lesser charge carrying a four-year maximum." At sentencing, the government recommended that "the court sentence him at the low end of the Guidelines, [and] give him credit for the two months that he served...." Defense counsel effectively used the plea agreement to impeach Guzman, and Guzman admitted that he hoped for the prospect of probation without any jail time at all based upon the prosecutor's evaluation of his performance as a witness.
 
 
 15
 Because Pons did not demonstrate to the district court that he possessed admissible and persuasive evidence of a secret plea agreement, or that such evidence, if it existed, would have changed the outcome of the trial, see Harris v. Vasquez, 949 F.2d 1497, 1528 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992), we conclude that the district court did not abuse its discretion in holding that this claim did not provide grounds for a new trial.
 
 
 16
 C. Perjury By Government Witness Ricardo Guzman
 
 
 17
 Pons maintains that government witness Ricardo Guzman committed perjury at trial. The evidence which Pons submitted to the district court consists of transcripts of two telephone calls made by defendant in prison to Guzman, secretly taped by Pons' private investigator. Guzman did not know that these calls were being taped and it is unclear when or under what circumstances these telephone calls were made. Contrary to Pons' assertions, Guzman does not admit to having committed perjury at Pons' trial, nor do his equivocal statements regarding the location of Pons' vehicle prior to the arrests, made in response to significant suggestion and persuasion by Pons, provide any probative evidence of perjury. Accordingly, the district court did not abuse its discretion in denying Pons' motion for new trial on this basis.
 
 
 18
 D. Perjury By Government Agent Richard Elliott
 
 
 19
 Pons similarly claims that his post-trial investigation revealed that Customs Agent Richard Elliott committed perjury. Pons' first argument, that the recorded telephone conversations between himself and Guzman demonstrate that Elliott falsely testified regarding the location of Pons' vehicle prior to the arrests, is without merit. Pons' second argument to support his perjury claim is based upon an experiment conducted by a private investigator which purportedly demonstrated that Elliott could not have physically observed some of the conduct to which he testified at trial. The district court did not abuse its discretion in rejecting this evidence for two reasons: (1) the evidence is cumulative to a similar experiment which was presented at trial, and (2) the failure to timely conduct the experiment and present it to the jury is due to a lack of diligence on the part of Pons. See United States v. Davis, 960 F.2d 820, 825 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992) (evidence that is cumulative or that could have been discovered before trial does not constitute "newly discovered evidence" for purposes of a Rule 33 motion).
 
 E. Failure To Hold An Evidentiary Hearing
 
 20
 Pons contends that the district court should have held an evidentiary hearing to enable him to supplement the record. There is no requirement that a district court hold an evidentiary hearing on a motion for new trial, and the decision by the district court is a matter within its discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188-89 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). Because Pons did not make a sufficient showing on the merits of his claims to warrant an evidentiary hearing, the district court did not abuse its discretion in failing to grant Pons a hearing on his motion for new trial.
 
 F. Exculpatory Surveillance Logs
 
 21
 Pons contends that the district court abused its discretion in failing to order post-trial discovery to enable him to determine whether the government withheld exculpatory surveillance notes and logs. Pons, however, made no showing that the government had withheld exculpatory evidence. Further, the knowing suppression of exculpatory evidence violates due process only where there is a reasonable likelihood that the evidence could have affected the jury verdict. United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1985). The overwhelming evidence against Pons precludes a finding that the district court abused its discretion in determining that, if such evidence existed, it would have affected the outcome of the trial.
 
 III.
 
 22
 The district court's denial of Pons' motion for new trial based upon newly discovered evidence and the denial of Pons' post-trial request for discovery is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3