28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimberly Ann TIEDEMAN, Defendant-Appellant.
 No. 93-10654.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kimberly Ann Tiedeman appeals her conviction, which followed a jury trial, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Tiedeman contends her conviction should be reversed because an erroneous instruction might have led the jury to convict her based upon her possession of methamphetamine residue alone. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 We review de novo whether a jury instruction misstates an element of a statutory crime. United States v. Blinder, 10 F.3d 1468, 1477 (9th Cir.1993). "The proper inquiry is whether ... the trial court's instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." United States v. Tham, 960 F.2d 1391, 1399 (9th Cir.1991).
 
 
 4
 A criminal defendant in federal court has a constitutional right to a unanimous jury verdict. United States v. Ullah, 976 F.2d 509, 512 n. 5. (9th Cir.1992). "For a verdict to be unanimous, the jury must substantially agree on the principal factual elements underlying the offense." United States v. Powell, 932 F.2d 1337, 1341 (9th Cir.) (citing United States v. Hernandez-Escarsega, 886 F.2d 1560, 1572 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990)), cert. denied, 112 S.Ct. 256 (1991). "A specific instruction on unanimity is required 'where it appears that a conviction might rest upon different jurors having found the existence of different facts ... where ... some ... particular factor creates a genuine possibility of juror confusion.' " United States v. Feldman, 853 F.2d 648, 653 (9th Cir.1988) (quoting United States v. Frazin, 780 F.2d 1461, 1468 (9th Cir.), cert. denied, 479 U.S. 844 (1986)), cert. denied, 489 U.S. 1030 (1989).
 
 
 5
 Here, postal inspectors investigating a credit card theft scheme searched Tiedeman's house on August 28, 1993. In the master bedroom, they discovered a scale, a funnel, a metal spoon and a glass tube. Each bore traces of a substance later identified as methamphetamine. In addition, agents found two packages of methamphetamine, a total of 13.8 grams, in Tiedeman's car.
 
 
 6
 At Tiedeman's trial, Detective Dennis Simms, an expert in narcotics trafficking, testified for the government that the drugs in Tiedeman's car represented more than a personal use quantity. Postal Inspector Robert Liske, another government witness, testified that the drugs could have been a one- to ten-day supply depending on the user.
 
 
 7
 The district court instructed the jury that it could convict Tiedeman of either possession with intent to distribute, or simple possession of, methamphetamine. During deliberations, the jury sent the court a note asking whether residue on drug paraphernalia constituted "possession." Following an extensive in-chambers discussion with counsel for both parties, the district court decided to instruct the jury that "the defendant must be in possession of a measurable quantity" and that "residue alone does not constitute a measurable quantity." After further discussion, however, and over the objection of defense counsel, the district court responded to the jury's note, "under some circumstances it can, but that is a question for the jury to decide." The jury convicted Tiedeman of possession with intent to distribute methamphetamine.
 
 
 8
 On appeal, Tiedeman argues that possession of residue alone cannot constitute possession of methamphetamine. Therefore, she claims, the district court's instruction misstated the law. We reverse without deciding whether Tiedeman's conviction for violating section 841(a)(1) could stand upon the presence of mere residue. Even if possession of residue alone is enough to support the conviction, the district court's instruction created a genuine possibility that the jury grounded its verdict in two distinct sets of facts. Some jurors might have concluded that Tiedeman intended to distribute the methamphetamine found in her car, but not the residue found on her paraphernalia. Others might have decided that the car cache was for personal use and the residue for distribution. "We are not free to hypothesize whether each of the jurors ... agreed to ... the scope of the scheme upon which the verdict of guilt was rendered." United States v. Mastelotto, 717 F.2d 1238, 1251 (9th Cir.1983). Because the instruction prejudiced Tiedeman's right to a unanimous jury verdict, we reverse. See id.
 
 
 9
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Tiedeman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3