69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert LODDY, Defendant-Appellant.
 No. 95-10038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Oct. 27, 1995.
 
 1
 Before: SKOPIL, PREGERSON, FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Loddy appeals his conviction for sexual abuse of a minor. See 18 U.S.C. Secs. 1152, 2243(a), 2246(2)(A). He contends that the district court erred by (1) refusing to ask two voir dire questions; (2) denying his motion for acquittal; (3) refusing to grant a mistrial; and (4) refusing to excuse an emotional juror or hold an evidentiary hearing. We affirm.
 
 1. Voir Dire
 
 4
 The district court did not abuse its discretion by refusing to ask two supplemental questions submitted by Loddy regarding his reasonable belief defense. The district court asked the jurors several questions designed to elicit their general biases toward the case as well as their specific biases toward Loddy's reasonable belief defense. Taken as a whole, the voir dire was sufficient to test the jury for bias or partiality. See United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 502 U.S. 891 (1991).
 
 2. Motion for Acquittal
 
 5
 Loddy argues that the district court erred in denying his motion for acquittal. He contends that the prosecution failed to prove that the crime was committed on the reservation or that he was 19 years old (at least four years older than the victim). See 18 U.S.C. Sec. 2243(a). When a defendant offers evidence in defense of the charge, we are entitled to review all of the evidence submitted to determine whether sufficient evidence supports the jury's verdict. See United States v. Alexander, 48 F.3d 1477, 1490 n. 10 (9th Cir.), cert. denied, --- U.S. ---- (1995).
 
 
 6
 Here, there was agreement that the sexual encounter occurred in Loddy's trailer. The government elicited testimony that the lot in which the trailer was parked was within the Fort McDowell Indian Reservation. This is sufficient to allow the jury to conclude that the crime occurred on the reservation.
 
 
 7
 There was also sufficient evidence for the jury to conclude that Loddy was at least 19 years old. Kathleen Sarber testified that she had known Loddy "close to 20 years." Patricia Azbill testified that she had known Loddy's daughter for 15 years. Based on this circumstantial evidence, the jury could have inferred logically that a man who has known someone close to 20 years and who has a daughter who is at least 15 years old must be at least 19 years old. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied sub nom., Gonzalez-Ramirez v. United States, 113 S.Ct. 258 (1992) ("circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction").
 
 
 8
 Loddy also asserts that the evidence established that he reasonably believed that the victim was at least 16 years old. See 18 U.S.C. Sec. 2243(c)(1) (reasonable belief defense). Both sides presented evidence regarding this issue. "It is the jury's duty to weigh the evidence and determine what version of the facts to believe." United States v. Garcia, 37 F.3d 1359, 1365 (9th Cir.1994), cert. denied, 115 S.Ct. 1699 (1995) (internal quotation omitted). Viewing the evidence in the light most favorable to the government, we conclude that a rational finder of fact could have found that Loddy failed to establish by a preponderance of the evidence that he reasonably believed the victim was at least 16 years old. Accordingly, the district court did not err by rejecting Loddy's motion for judgment of acquittal.
 
 3. Closing Argument
 
 9
 The prosecutor's argument that Loddy engaged in nonconsensual sex with the victim was not improper. The prosecutor explained to the jury that this argument was not intended to prove that Loddy was guilty of an additional crime, but rather to rebut Loddy's reasonable belief defense. Because there was evidence in the record that the encounter was nonconsensual, this argument was not improper. See United States v. Nash, 64 F.3d 504, 509 (9th Cir.1995) (prosecutor's statements are permissible when drawn as inferences from evidence in the record, and not as references to extra-record facts).
 
 4. Emotional Juror
 
 10
 The district court did not abuse its discretion by failing to remove a juror or to hold an evidentiary hearing to determine if she was so emotionally overwhelmed that she was no longer impartial. In determining whether to hold a hearing, the district court "must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." United States v. Angulo, 4 F.3d 843, 847 (9th Cir.1993).
 
 
 11
 In denying Loddy's motion to remove the juror, the district court noted that she was obviously emotional, but "that's not to say that that's anything more than a struggle within her, and an attempt within herself, an attempt to reach a verdict." The district court observed the juror throughout the trial. We conclude that the district court did not abuse its discretion in either failing to excuse the juror or hold an evidentiary hearing.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3