**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10424 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02104-CKJ-DTF-2 |
| v. | |
| FABIAN LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 12, 2012
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

Fabian Lopez appeals the district court's denial of his motion to suppress,

and also contends that the district court erred with respect to two jury instructions

and two adjustments under the United States Sentencing Guidelines (USSG). We

affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The factors identified by the district court, including that Lopez's vehicle was on a known smuggling route during a shift change at the border checkpoint, the appearance of the vehicle, Lopez's nervous demeanor and guilty look towards the Border Patrol officer, and his unusual garb, considered in light of the Border Patrol officers' training and experience, *see United States v. Arvizu*, 534 U.S. 266, 273–74 (2002), were sufficient for the officers to form a "particularized and objective basis" for suspecting wrongdoing and justified the stop of the vehicle. *See United States v. Cortez*, 449 U.S. 411, 417–18 (1981). The district court correctly considered the totality of the circumstances, rather than each factor individually.

Neither the officers' observations of the undercarriage of the vehicle, which was in plain view, nor their "minimally intrusive" application of force by tapping on the compartment constituted an unlawful search. *See United States v. $109,179 in U.S. Currency*, 228 F.3d 1080, 1087 (9th Cir. 2000). Such "narrowly tailored" intrusions for the purpose of "legitimate police investigation" are permissible under these circumstances. *Id.* at 1088; *see also United States v. White*, 766 F.2d 1328, 1331 (9th Cir. 1985). Therefore, the district court did not err in holding that probable cause existed to search Lopez's vehicle, given the factors listed above and the additional evidence that the truck contained an after-market compartment, that

2

the frame rails and drive train of the truck were covered with an unusual splatter of dirt and concrete, that Lopez's statements that he had been working at a construction site were inconsistent with his clean clothes and appearance, and that Lopez was taking a circuitous route given his stated itinerary. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).[1]

The district court did not abuse its discretion in declining to give a "mere presence" instruction, because the government's case rested on more than just Lopez's presence: the government presented evidence that Lopez was the driver of the truck, that he arguably had possession and control over the truck's contents, that he was taking instructions on his cell phone about the checkpoint and the proper route, and that he told Leon something was inside the truck. *See United States v. Howell*, 231 F.3d 615, 629 (9th Cir. 2000). Further, the jury was properly instructed on all elements of the crime. *See id.*, 231 F.3d at 629. Nor did the district court err in declining to give a lesser-included offense instruction, because if a jury found that Lopez was knowingly transporting over 200 kilograms of marijuana, it could not rationally conclude that it was for personal use and not for delivery. *See United States v. Powell*, 932 F.2d 1337, 1342 (9th Cir. 1991).

---

[1]Lopez's contention that he was placed under arrest without probable cause has no bearing on his motion to suppress, and therefore this issue is not before us.

The district court did not abuse its discretion in declining to adjust Lopez's sentence downward for being a minor participant in the criminal activity under USSG § 3B1.2. The district court correctly compared Lopez's conduct against all known participants in the conspiracy rather than against "hypothetical" participants, *see United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010), in holding that Lopez's role was at least that of an average participant.

Nor did the district court abuse its discretion in declining to make a downward adjustment for acceptance of responsibility under USSG § 3E1.1. The district court did not err in giving greater weight to Lopez's pre-trial statements and conduct in evaluating whether he merited the downward adjustment, *see United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004); *see also* USSG § 3E1.1 cmt. n. 2, and less weight to his later statements at the time of his pre-sentence interview, *see United States v. Nielsen*, 371 F.3d 574, 579, 582 (9th Cir. 2004) (no downward adjustment despite offer of conditional plea in the absence of any other significant evidence of accepting responsibility); *see also* USSG §3E1.1 cmt. n. 1(H) (noting timeliness as a factor).

**AFFIRMED**.