**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-4199 |
| Plaintiff - Appellee, | D.C. No.<br>3:17-cr-00291-MO-1 |
| v. | |
| HENRY KONAH KOFFIE, AKA<br>Narcoboss, AKA Dnmkingpin, | MEMORANDUM[*] |
| Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 13, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Henry Konah Koffie appeals from his jury trial convictions on two counts of

distributing a controlled substance resulting in death; one count of distribution of a

controlled substance analogue resulting in serious bodily injury; and five counts of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

distributing a controlled substance—violating 21 U.S.C. §§ 813, 841(a)(1), and (b)(1)(C). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under *Smith v. Arizona*, 602 U.S. 779, 792 (2024), it is unconstitutional for a testifying expert to base her conclusions solely on her review of another non-testifying analyst's report. As both parties agree, the district court erred when it permitted Simonique Washington to testify about the contents of the government's Pittsburgh controlled buy.

But the Confrontation Clause violation here was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (explaining that Confrontation Clause errors are subject to harmless-error analysis). The government never charged Koffie with any violations arising from the Pittsburgh controlled buy, and to the extent evidence from that buy supported Koffie's conviction on other counts, overwhelming evidence made it clear that the jury would have nonetheless convicted Koffie. *See United States v. Johnson*, 875 F.3d 1265, 1279 (9th Cir. 2017) (finding harmlessness where "the government presented compelling additional evidence" to support its claim).

2. We need not determine whether the district court erred in denying Koffie's motion to suppress laboratory results from a package seized at the border for six months, as any such error was harmless. *See United States v. Job*, 871 F.3d

852, 865 (9th Cir. 2017) (noting that a district court's error in denying a motion to suppress evidence under the Fourth Amendment does not require reversal if it was harmless). The lab results that Koffie argues should have been suppressed were neither dispositive nor necessary for the government to prove beyond a reasonable doubt that Koffie was distributing fentanyl. And regardless of any improper seizure of the underlying parcel, the government presented the jury with other compelling evidence to support Koffie's distribution counts. We are "convinced that [any] improperly admitted evidence did not contribute to the verdict." *Id.* (citation omitted).

3. The district court did not err in denying Koffie's motion for a *Franks* hearing, as the search warrant did not contain any intentional or reckless misstatements or omissions of *material* facts. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that (1) "the affiant officer intentionally or recklessly made false or misleading statements or omissions"; and (2) "the false or misleading statement or omission was material, i.e., necessary to finding probable cause." *United States v. Norris*, 942 F.3d 902, 910 (9th Cir. 2019) (quoting *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017)).

Even if there were any errors on prong one, none of these errors were material, as probable cause to search Koffie's home, his mother's home, and his

car existed based on the other evidence alone.

4. The district court did not abuse its discretion by denying Koffie's motion for attorney participation in voir dire without explanation. "It is wholly within the judge's discretion to reject supplemental questions proposed by counsel if the voir dire is otherwise reasonably sufficient to test the jury for bias or partiality." *United States v. Powell*, 932 F.2d 1337, 1340 (9th Cir. 1991).

Here, the judge's voir dire was reasonably sufficient to test the jury for bias or partiality, as the district court directly probed jurors about potential racial biases and about any potentially strong feelings about drugs and drug laws. And the district court did not abuse its discretion when it did not explain why it was denying the motion. *Powell*, 932 F.2d at 1340 (noting that the district court has considerable discretion in *how* to conduct voir dire).

**AFFIRMED.**[1]

---

[1] We grant Koffie's pending motion to file a pro se supplemental brief (Dkt. 21), which has already been submitted (Dkt. 35). We also conclude that the remaining issues raised in Koffie's pro se supplemental brief are unpersuasive.

23-4199